UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JANET RENEE HATTON,

    Plaintiff,

v.                                        CASE NO.: 4:15-cv-158

FLORIDA DEPARTMENT OF
LAW ENFORCEMENT,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, FLORIDA DEPARTMENT OF LAW ENFORCEMENT, responds to the Complaint and states:

## NATURE OF THE ACTION

1.    Admitted Plaintiff attempts to allege an action brought under Chapter 760, Florida Statutes, and 42 U.S.C. §2000e, *et seq*. Otherwise, the allegations of paragraph 1 are denied.

2.    Admitted Plaintiff is claiming damages in excess of $15,000.00, exclusive of costs and interests, but it is denied Plaintiff is entitled to any damages from Defendant.

## THE PARTIES

3.    Admitted Plaintiff has been a resident of the State of Florida, and is employed by Defendant. Otherwise, the allegations of paragraph 3 are denied.

4.    Admitted.

## CONDITIONS PRECEDENT

5.    Without knowledge, and therefore denied.

## STATEMENT OF THE ULTIMATE FACTS

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Admitted Plaintiff sent an e-mail on February 5, 2013 to Carl Causey and Steve Desposito requesting a meeting. Otherwise, denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Admitted there is a policy that employees could not live over a certain number of miles away from their assigned work site, and Plaintiff asked if the mileage requirement could be waived, but the request was denied. Otherwise, denied.

17. Denied.

18. Admitted Plaintiff asked Defendant to waive the mileage requirement. Otherwise, denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendant is without knowledge as to whether Plaintiff contacted the Police Benevolent Association, or what she reported. The remaining allegations of paragraph 23 are denied.

24. Denied.

25. Defendant is without knowledge whether Plaintiff has retained counsel to represent her, and is obligated to pay a fee. The remaining allegations of paragraph 25 are denied.

## COUNT I
## GENDER DISCRIMINATION

26. Defendant re-states its responses to paragraphs 1 through 25 as if set forth herein.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT II
## AGE DISCRIMINATION

36. Defendant re-states its responses to paragraphs 1 through 25 as if set forth herein.

37. Admitted that Plaintiff alleges an action for discrimination based upon age under Chapter 760, Florida Statutes. However, it is denied Defendant is liable to Plaintiff for discrimination based upon age under Chapter 760, Fla. Stat.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## COUNT III
## GENDER DISCRIMINATION

46. Defendant re-states is responses to paragraphs 1 through 25 as if set forth herein.

47. Admitted.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## PRAYER FOR RELIEF

(a) Denied.

(b) Denied.

(c) Denied.

(d)     Denied.

(e)     Denied.

(f)     Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant's actions and inactions involving Plaintiff were taken for legitimate, non-discriminatory reasons.

### Second Affirmative Defense

The adverse action, if any, suffered by Plaintiff was predicated upon grounds other than, and would have been taken absent, Plaintiff's exercise of rights protected by Chapter 760, Florida Statutes.

### Third Affirmative Defense

Plaintiff has not engaged in any statutorily protected expression under either Federal or Florida law.

### Fourth Affirmative Defense

Plaintiff failed to mitigate her damages.

### Fifth Affirmative Defense

Plaintiff's Complaint fails to state a claim for relief.

Respectfully submitted,

*s/ J. Craig Knox*
J. Craig Knox (Florida Bar #0286729)
ANDREWS, CRABTREE, KNOX & ANDREWS, LLP
1558 Village Square Boulevard, Suite 1
Tallahassee, FL  32309
Telephone:  (850) 297-0090
Facsimile:   (850) 297-0219
cknox@ackalaw.com
Secondary:  jclayton@ackalaw.com; jsuplee@ackalaw.com
Attorneys for Defendant, Florida Department of Law Enforcement

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of March, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified below, via Notice of Electronic Filing generated by CM/ECF:

Marie A. Mattox, Esq.
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL  32303
marie@mattoxlaw.com
michelle2@mattoxlaw.com
Attorneys for Plaintiff, Janet Renee Hatton

                                        *s/ J. Craig Knox*
                                        J. Craig Knox